IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAN P., REBECCA P., and E.P.,<br><br>Plaintiffs,<br><br>v.<br><br>HIGHMARK BLUE CROSS BLUE SHIELD,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO TRANSFER VENUE**<br><br>Case No. 2:24-cv-00812-TC<br><br>Judge Tena Campbell |

Before the court is a motion to transfer venue filed by Defendant Highmark Blue Cross Blue Shield. (ECF No. 10.) The Plaintiffs have indicated that they do not oppose a transfer of this action to the Western District of Pennsylvania. (See Pls.' Not., ECF No. 16.)

Under 28 U.S.C. § 1404(a), a "district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Here, the Plaintiffs reside in Washington County, Pennsylvania and the Defendant is incorporated in Pennsylvania and has its principal place of business in Pittsburgh. And under 29 U.S.C. § 1132(e)(2), an action under the Employment Retirement Income Security Act (ERISA) may be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found…."

The court therefore finds that this action could have been brought in the Western District of Pennsylvania and that, given the Plaintiffs' non-opposition, transfer is appropriate.

1

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1. The court GRANTS the Defendant's Motion to Transfer Venue. (ECF No. 10.)

2. The court ORDERS that this case be transferred to the Western District of Pennsylvania.

DATED this 30th day of May, 2025.

BY THE COURT:

_____
Tena Campbell
United States District Judge